UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-00272-MEO-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARKEY ANTWAN WHITE,<br><br>Defendant. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court on the Defendant's pro se Motion requesting a *Wade* hearing, a *Jackson-Denno* hearing, and to suppress evidence under the Fourth, Fifth and Sixth Amendments (Doc. No. 97). Having reviewed the parties' submissions, the Court will deny the motion.

## I. BACKGROUND

On June 13, 2021, CMPD officers responded to a report of a passenger assaulting others aboard a bus stopped in a Charlotte parking lot. Callers reported that the assailant was a black male in dark clothing who was possibly intoxicated and possibly armed with a knife. According to testimony at the September 16, 2026 hearing and the evidence presented to the Court, Officer Jammie Habenicht boarded the bus, identified White as the primary aggressor, and, after White ignored repeated warnings to stop fighting, deployed a taser. White was removed from the bus, continued to resist, and was ultimately restrained, sedated, and transported to a hospital, where he spit on a paramedic and was later combative with hospital staff and security.

A passenger subsequently handed a green backpack to an officer, identifying the backpack as the Defendant's. At the hospital, Officer Habenicht brought the backpack to Defendant's room and asked for consent to search it. White responded, "That's not my bag, you won't find no ID of mine in there!" Treating the backpack as abandoned, Officer Habenicht opened it and recovered several Polo brand t-shirts matching the brand and style White was wearing, five handguns and ammunition magazines, and approximately 221 grams of suspected marijuana in ten baggies.

White was subsequently indicted on charges of possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking offense, and possession with intent to distribute a controlled substance, in violation of 18 U.S.C. §§ 922(g), 924(c) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). White now moves for a *Wade* hearing, a *Jackson-Denno* hearing, and suppression of "all statements and evidence" arising from the June 13, 2021 encounter.

## DISCUSSION

### A. Motion to Suppress

#### 1. Abandonment

A defendant's disclaimer of ownership over an item extinguishes any reasonable expectation of privacy he might otherwise hold in it, and with that expectation goes his standing to contest a subsequent search. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Leshuk*, 65 F.3d 1105, 1111 (4th Cir. 1995); *United States v. Ferebee*, 957 F.3d 406, 412–14 (4th Cir. 2020). Courts assess abandonment objectively, looking to what a defendant's words and conduct convey about his intent

to retain a privacy interest. *United States v. Small*, 944 F.3d 490, 502 (4th Cir. 2019); *Ferebee*, 957 F.3d at 413. Defendant's statement to Officer Habenicht—"That's not my bag, you won't find no ID of mine in there!"—is functionally indistinguishable from the disclaimer the Fourth Circuit found dispositive in *Ferebee*, where the defendant's assertion that a backpack was "actually not his" completed an abandonment the moment it was uttered. 957 F.3d at 414; *see also United States v. Washington*, 677 F.2d 395, 396 (4th Cir. 1982). Examining property that has been abandoned does not implicate the Fourth Amendment at all. *Hester v. United States*, 265 U.S. 57, 58 (1924); *Abel v. United States*, 362 U.S. 217, 241 (1960). Defendant disclaimed any ownership interest in the backpack before it was opened and did nothing thereafter to reassert one. He therefore retained no privacy interest in its contents and lacks standing to challenge the search. *Ferebee*, 957 F.3d at 412; *United States v. Stevenson*, 396 F.3d 538, 546 (4th Cir. 2005).

**2. Inevitable Discovery / Inventory Exception**

Even setting abandonment aside, suppression would still be unwarranted because the backpack's contents would inevitably have surfaced through a routine inventory process. The inevitable-discovery doctrine permits the admission of evidence obtained through an otherwise irregular search where the government shows, by a preponderance, that law enforcement both could and would have lawfully discovered the same evidence through independent means. *Nix v. Williams*, 467 U.S. 431, 444 (1984); *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017); *United States v. Alston*, 941 F.3d 132, 138 (4th Cir. 2019). An inventory search satisfies that standard

so long as it follows standardized, good-faith procedures, whether documented in a written policy or established through testimony about routine practice. *United States v. Stanfield*, 109 F.3d 976, 987 n.7 (4th Cir. 1997); *United States v. Seay*, 944 F.3d 220, 223 (4th Cir. 2019); *United States v. Matthews*, 591 F.3d 230, 235 (4th Cir. 2009); see also *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983). The evidence before the Court, including officer testimony at the hearing on the motion to suppress, establishes that Mecklenburg County Jail policy mandates inventorying an arrestee's property upon booking, and that CMPD policy independently required the backpack to be examined before submission to the evidence room. Under either avenue, the firearms and narcotics inside the backpack would have been lawfully uncovered regardless of Officer Habenicht's hospital-room search. *See United States v. Allen*, 173 F.4th 543, 550 (4th Cir. 2026).

**B. *Wade* and *Jackson-Denno* Hearings**

White also requests a *Wade* hearing to challenge the identification of the backpack and a *Jackson-Denno* hearing to challenge the voluntariness of his statements. *See United States v. Wade*, 388 U.S. 218 (1967); *Jackson v. Denno*, 378 U.S. 368, 376 (1964). Neither is warranted on this record. The backpack was linked to White not through a suggestive identification procedure but through his own allegedly spontaneous statements directing officers to retrieve his "green bag," passengers' independent identification of the bag at the scene, and apparently matching t-shirts to what Defendant was wearing—circumstances that do not implicate the concerns underlying *Wade*. Defendant will be able to attack during trial the identification of the backpack as belonging to him, but determining who

owned or controlled the backpack is a question for the jury, not the Court. Nor does the record support an involuntary-confession claim: White's statement disclaiming ownership of the backpack was volunteered in response to a request for consent to search, not the product of interrogation or coercion. *See Arizona v. Fulminante*, 499 U.S. 279, 288 (1991). Because White has identified no specific statement or identification procedure raising a genuine question of suggestiveness or coercion, no evidentiary hearing is required.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion requesting a *Wade* hearing, a *Jackson-Denno* hearing, and to suppress evidence under the Fourth, Fifth and Sixth Amendments (Doc. No. 97) is **DENIED**.

**SO ORDERED.**

Matthew E. Orso
United States District Judge